# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 2111002732 |
| | ) | |
| | ) | |
| JEWANN HOPSON-EL, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted:  November 15, 2024
Decided:  February 11, 2025

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Matthew A. Casale, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Jewann Hopson-El, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se*.

SALOMONE, Commissioner

This 11ᵗʰ day of February, 2025, upon consideration of the Motion for Postconviction Relief filed by Defendant Jewann Hopson-El ("Hopson-El" or "Defendant");[1] the State's Response to Defendant's Motion for Postconviction Relief;[2] the Affidavit of defense counsel;[3] and the record in this matter, the following is my Report and Recommendation.

## FACTS AND PROCEDURAL HISTORY

On November 5, 2021, Hopson-El was arrested by the Wilmington Police for charges stemming from a motor vehicle stop that occurred on the same date.[4] While on patrol, Wilmington police officers observed a blue-colored Buick LeSabre, bearing Delaware registration.[5] The vehicle pulled out of a parking space and into traffic, failing to utilize a turn signal.[6] The officers ran an inquiry into the vehicle's registration, revealing that the purchaser of the vehicle had failed to register it with the Delaware DMV.[7]

---

[1] Superior Court Criminal Docket, *State v. Jewann Hopson-El*, Case No. 2111002732 at Docket Item 30. For purposes of this Report and Recommendation, all docket item references relate to Superior Court Criminal Case No. 2111002732 (hereinafter, "D.I. ___").
[2] D.I. 41.
[3] D.I. 40.
[4] D.I. 1, Adult Complaint and Warrant, *State v. Jewann Hopson-El*, Case No. 2111002732 at Ex. B.
[5] *Id.*
[6] *Id.*
[7] *Id.*

The police conducted a motor vehicle stop for the above violations.[8] When the officers made contact with the driver of the vehicle, they positively identified the person as Hopson-El based on their numerous prior contacts with him.[9] The officers were already aware that Defendant did not possess a valid Delaware driver's license and had multiple previous firearm arrests.[10] The front passenger of the vehicle was positively identified as Tejeha Bordley ("Bordley"), a co-defendant in this matter.[11] From a conversation with Bordley, the officers learned that the vehicle belonged to her and that she had recently consumed marijuana.[12] Thereafter, without being prompted, Defendant also admitted that he had recently consumed marijuana and that he does not possess a valid driver's license.[13]

Throughout the stop, the officers could smell the odor of marijuana emanating from inside the vehicle.[14] The police proceeded with a search of the vehicle and found a black Star Arm, Modelo Super, semi-automatic handgun under the center console.[15] It was loaded with two live rounds of 9MM ammunition in the magazine

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

and one live round in the chamber.[16]  The firearm was seized and Hopson-El was subsequently placed into custody.[17]

On December 20, 2021, a New Castle County grand jury indicted Defendant for the following crimes:  (i) Carrying a Concealed Deadly Weapon; (ii) Possession of a Firearm by a Person Prohibited; (iii) Possession of Ammunition by a Person Prohibited; (iv) Possession of Marijuana; (v) Driving While Suspended; and (vi) Failure to Signal before Turning.[18]  On October 27, 2022, Defendant pleaded guilty to Carrying a Concealed Deadly Weapon.[19]  This Court followed the sentencing recommendation and following the plea immediately sentenced Defendant to eight years at Level V, suspended for one year at Level III.[20]  Defendant did not appeal his conviction and sentence.  From Defendant's sentencing until August 17, 2023, he repeatedly violated the terms of his probation and frequently incurred new criminal charges.[21]  Due to his numerous violations of probation, Defendant was committed to serve additional time on his original eight-year sentence.[22]

---

[16] *Id.*
[17] *Id.*
[18] D.I. 2, Indictment.
[19] D.I. 12, Plea Agreement.
[20] D.I. 13, Sentence Order.
[21] D.I. 12-27.
[22] D.I. 27.  On May 6, 2024, Defendant was found in violation of probation in this case and sentenced to 8 years level V, suspended after 6 months, for 12 months level IV work release, suspended after 6 months, for 18 months level III, hold at level V until space is available at level IV work release.

## MOTION FOR POSTCONVICTION RELIEF

On September 29, 2023, Defendant filed a *pro se* Motion for Postconviction Relief (the "Motion").[23] In the Motion, Defendant raises three claims. First, he raises an ineffective assistance of counsel claim, asserting that appointed counsel "should have filed a motion to dismiss but didn't even though [he] asked him to."[24] Second, Defendant argues that the charges brought against him constitute double jeopardy under the Fifth Amendment because he and his co-defendant cannot both be found guilty of the same crime.[25] Third, he asserts that there was insufficient evidence to support his conviction.[26]

On August 8, 2024, defense counsel submitted an Affidavit in response to Defendant's ineffective assistance of counsel allegations.[27] In response to Defendant's claims, defense counsel explained that he had sent a letter to Defendant describing the frivolity of a motion to dismiss for lack of evidence.[28] Defense counsel further explained that the State could proceed with its prosecution of

---

[23] D.I. 30.

[24] *Id.*

[25] *Id.* Defendant explains his claim for double jeopardy as follows: "my co-defendant plead guilty to CCDW before me, all evidence lead to them and they didn't drop the charges against me even thought [sic] there was no evidence." Defendant similarly argues in his third claim that there was insufficient evidence against him.

[26] *Id.* Defendant claims that "there was no evidence against me at all and all evidence pointed to someone else."

[27] D.I. 40. In addition to the Affidavit, counsel attached a record of his correspondence with Defendant, explaining his lack of a good faith basis to file a motion to dismiss for lack of evidence, the State's plea offer and legal standing to proceed on charges despite his co-defendant pleading guilty, and his opinion regarding the State's ability to prove the charges at trial.

[28] D.I. 40.

Defendant for possession of the firearm, despite his co-defendant pleading guilty.[29] Defense counsel outlined specific facts setting forth a *prima facie* case against Hopson-El and explained that Defendant was facing a mandatory period of incarceration, so it was in his best interest to enter into the offered plea as a means of avoiding such incarceration.[30]

On October 1, 2024, the State submitted a response to Defendant's Motion,[31] arguing that (1) Defendant has not met his burden of establishing defense counsel's ineffectiveness in failing to file a motion to dismiss;[32] (2) Defendant's double jeopardy claim is not applicable in the present case as Ms. Bordley's guilty plea "has no bearing on double jeopardy"; and (3) Defendant was jointly charged with knowingly and unlawfully carrying a concealed firearm with Ms. Bordley, of which the State had sufficient evidence to prosecute.

The deadline for Defendant to file a reply was November 15, 2024, if he desired to do so. Defendant elected not to file a reply. The matter is now ripe for decision.

---

[29] *Id.*

[30] *Id.*

[31] D.I. 41.

[32] *Id.* The State further argues that defense counsel would have filed a motion to dismiss prior to the entry of Defendant's plea, and since Defendant did not assert that his plea was the result of coercion or entered into involuntarily, Defendant cannot establish that if defense counsel had filed a motion to dismiss, irrespective of whether it was granted or denied, that he would not have pleaded guilty but would have insisted on going to trial.

# APPLICABLE LAW

### a. Rule 61 and Procedural Bars to Relief

Superior Court Criminal Rule 61 ("Rule 61") governs the procedures by which an incarcerated individual may seek to have his conviction set aside on the ground that the court lacked jurisdiction or any other ground that is a sufficient factual and legal basis for a collateral attack upon the conviction.[33] In any motion for postconviction relief, this Court must first determine whether a defendant has satisfied the procedural requirements of Rule 61 before considering the merits of any underlying claim.[34] Rule 61(i)(1) requires the motion to be filed within one year of the final judgment of conviction or a newly recognized retroactive right.[35] Rule 61(i)(2) prohibits successive motions and requires that any second or subsequent postconviction motion be summarily dismissed, unless the movant was convicted after trial and he pleads with particularity that either (a) new evidence exists creating a strong inference that he is actually innocent of the charges of which he was convicted; or (b) a new, retroactive rule of constitutional law applies to the movant's case that would render the conviction invalid.[36] Rule 61(i)(3) provides that any claims the movant failed to assert in the proceedings leading to conviction are barred,

---

[33] Super. Ct. Crim. R. 61(a)(1).
[34] *Taylor v. State*, 32 A.3d 374, 388 (Del. 2011) (quoting *Shelton v. State*, 744 A.2d 465, 474 (Del. 1999)).
[35] Super. Ct. Crim. R. 61(i)(1).
[36] Super. Ct. Crim. R. 61(i)(2) & (d)(2).

unless he is able to show cause for the relief from the procedural default and prejudice from violation of his rights.[37] And finally, Rule 61(i)(4) provides that any ground for relief that was formerly adjudicated is thereafter barred.[38]

This is Defendant's first Motion, and it was timely filed on September 29, 2023, approximately 11 months after this Court imposed sentence. Thus, the procedural bars set forth in Rule 61(i)(1) and (2) are not at issue. Rule 61(i)(3), however, prohibits the filing of "any ground for relief not asserted in the proceedings leading to the judgment of conviction…unless the movant shows (A) cause for relief from the procedural default, or (b) prejudice from a violation of the movant's rights."[39] Applying this to Defendant's Motion, Hobson-El's second and third claims asserting double jeopardy and insufficient evidence are procedurally defaulted because he failed to assert them in the proceedings leading to the judgment of conviction or on direct appeal, and he has not demonstrated cause for relief from the procedural default nor prejudice from an alleged violation of his rights.[40]

As this Court has previously held, this Court will not consider the merits of a postconviction claim if it is procedurally barred.[41] Therefore, Defendant's second

---

[37] Super. Ct. Crim. R. 61(i)(3).
[38] Super. Ct. Crim. R. 61(i)(4).
[39] Super. Ct. Crim. R. 61(i)(3).
[40] The procedural default in Rule 61(i)(4) is inapplicable. Additionally, Defendant has not overcome the strict pleading requirements set forth in Rule 61(i)(5) which could, under certain circumstances, provide him relief from Rule 61(i)(3)'s procedural default.
[41] *State v. Riddock*, 2022 WL 17820366, at *4 (Del. Super. Dec. 19, 2022) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).

and third claims are procedurally defaulted pursuant to Rule 61(i)(3) and should be summarily dismissed. However, ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented in a motion for postconviction relief.[42] Defendant's first claim—that defense counsel was ineffective for failing to file a motion to dismiss—is a claim for ineffective assistance of counsel and is properly before the Court in this Motion.

### b. Ineffective Assistance of Counsel

To succeed on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test[43] by showing that: (1) counsel performed at a level 'below an objective standard of reasonableness'[44] and that, (2) the deficient performance prejudiced the defendant.[45] To meet the requirements of the first prong, a defendant must show by a preponderance of the evidence that defense counsel was not reasonably competent. The second prong requires a defendant to show "that there is a reasonable probability that, but for the defense counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome."[46]

---

[42] *Sabb v. State*, 2021 WL 2229631, at *1 (Del. May 28, 2021); *Green v. State*, 238 A.3d 160, 187-188 (Del. 2020); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).
[43] *Strickland v. Washington*, 446 U.S. 668 (1984).
[44] *Id*. at 688.
[45] *Id*. at 694.
[46] *Id.* at 694.

8

A mere allegation is not enough to satisfy these requirements. A defendant must indicate faults counsel made that were far removed from reasonable, leading to an outcome that was measurably worse for the defendant.[47]

In the context of a plea challenge, it is not sufficient for a defendant to claim simply that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[48]

### c. Defendant's Claim of Ineffective Assistance of Counsel is Meritless and was Waived Upon Entry of his Guilty Plea.

Defendant's first claim, that his appointed counsel was ineffective because he did not file a motion to dismiss for lack of evidence, is without merit. To succeed on a claim of ineffective assistance of counsel for failure to file a motion to dismiss, the defendant must demonstrate that the motion had a reasonable probability of success and that the failure to file the motion prejudiced the outcome of the case. Defendant is unable to demonstrate either. Here, Defendant fails to meet his burden as he has not shown a reasonable probability of success in the Court granting the

---

[47] *Strickland*, 466 U.S. at 695.

[48] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hickman v. State,* 1994 WL 590495 (Del.) (applying *Strickland* to guilty pleas).

motion to dismiss nor has he even alleged that he would not have pleaded guilty and gone to trial but for the alleged error of counsel.

Through his affidavit, defense counsel explains that he had no good faith basis upon which to file a motion to dismiss for lack of evidence based solely on the fact that Hobson-El's co-defendant pleaded guilty to one count of Carrying a Concealed Deadly Weapon.[49] As counsel explained to Defendant, the State has legal standing to proceed with the charges against him despite the fact that his co-defendant accepted responsibility for ownership of the firearm.[50] Defense counsel further explained that, in entering the plea, Ms. Bordley did not admit that she was the only person who possessed the gun and that her plea would be considered and weighed by the jury in determining whether the State met its burden of proof in showing that Hobson-El possessed the firearm.[51]

Considering the foregoing facts, filing a motion to dismiss would have been frivolous with virtually no likelihood of succeeding. An attorney does not have an obligation to file frivolous motions; rather, he has an obligation *not* to file frivolous motions.[52] Defense counsel's failure to file a frivolous motion was reasonable and cannot be found to constitute ineffective assistance of counsel.

---

[49] D.I. 40.

[50] *Id.*

[51] *Id.*

[52] *State v. Pandiscio,* 1995 WL 339028, * 5 (Del.Super. May 17, 1995), *aff'd,* 670 A.2d 1340, 1995 WL 715627 (Del. Oct.25, 1995) (TABLE).

Moreover, the failure to file a motion to dismiss occurred prior to Defendant entering his guilty plea and was therefore waived. During the guilty plea colloquy, the Defendant provided sworn testimony that (1) he reviewed each of the Plea Agreement, Immediate Sentencing Form, and the Truth-in-Sentencing Guilty Plea, (2) he signed each of the foregoing documents, (3) his attorney addressed any issues, questions, or concerns he had, and (4) he had not been threatened or forced to plead guilty.[53] The Defendant further represented that he understood the Constitutional rights he was giving up by entering the plea and admitted his guilt to the sole charge of Carrying a Concealed Deadly Weapon as set forth in the Plea Agreement.[54] The Court thereafter found Hopson-El's plea to be knowing, intelligent and voluntary.[55]

Defendant does not contend that his plea was involuntarily entered, nor has he presented any clear, contrary evidence to call into question his testimony at the plea colloquy or answers on the Truth-in-Sentencing Guilty Plea Form. Absent such evidence, the Delaware Supreme Court has held that a defendant is bound by those answers and representations.[56] A defendant's statements during the guilty plea colloquy are presumed to be truthful and "pose a formidable barrier in any

---

[53] *See* D.I. 36. Transcript of October 27, 2022 plea colloquy; *also see* October 26, 2022 Truth-in-Sentencing Guilty Plea Form executed by Defendant.
[54] *Id.*
[55] *Id.*
[56] *Palmer v. State*, 2002 WL 31546531, *1 (Del. 2002) (citing *Somerville v. State*, 703 A.2d 629,632 (Del. 1997).

subsequent collateral proceedings."[57] Hobson-El's valid guilty plea waived his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[58] For the foregoing reasons, Defendant's claim of ineffective assistance of counsel is without merit and should be denied.

### d. Defendant's Double Jeopardy Claim

Although the Court has determined that Defendant's double jeopardy claim is procedurally barred, it is also substantively without merit. Defendant's argument is premised on a fundamental misunderstanding of the legal protections afforded by the Fifth Amendment. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."[59] It protects an individual against successive prosecutions, against multiple charges under separate statutes, and against being charged multiple times under the same statute.[60] None of the double jeopardy protections apply to Defendant's case because Defendant was subject to only one prosecution and pleaded guilty to only one charge.[61]

---

[57] *Somerville*, 703 A.2d 632 (internal citations omitted).
[58] *Smith v. State,* 841 A.2d 308 (TABLE), 2004 WL 120530, at *1 (Del. Jan. 15, 2004); *Somerville v. State,* 703 A.2d 629, 632 (Del. 1997); *Modjica v. State,* 2009 WL 2426675 (Del. 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).
[59] U.S. Const. Amend. V., cl. 2.
[60] *Williams v. State*, 796 A.2d 1281, 1285 (Del. 2002).
[61] D.I. 11, Plea Agreement.

Although Defendant uses the term "double jeopardy" inaccurately, his argument seems to lie in the notion that two people cannot both be found guilty of possessing the same firearm stemming from the same incident. That notion, however, is incorrect. The State can charge two defendants for possession of the same firearm under a theory of joint possession, which it intended to do in this case.[62] Here, Hobson-El and his co-defendant both pleaded guilty to Carrying a Concealed Deadly Weapon, eliminating the need for the State to prove constructive possession.[63] For these reasons, Hobson-El's second claim is also meritless.

### e. Defendant's Claim Regarding Lack of Evidence is Without Merit

Like his double jeopardy claim, Defendant's claim that there was insufficient evidence against him is procedurally barred, but it is also substantively without merit. As defense counsel explained in his affidavit, the prosecution possessed sufficient evidence to support a *prima facie* case against Defendant and pointed to several facts that supported this conclusion, including that (i) Defendant had sole

---

[62] D.I. 40. *See Carney v. State*, 2024 WL 2808291 (Del. June 3, 2024). In *Carney*, although the defendant did not hold the gun during the robbery, the Court found there was a sufficient factual basis to convict the defendant of a firearm charge based on constructive possession of the firearm; *see also Stevenson v. State*, 181 A.3d 631, 2018 WL 1136524, at *2 (Del. Mar. 1, 2018 (TABLE) ("Possession of an object 'may be the joint possession of two or more [persons] acting in concert.'") (citing *Lecates v. State*, 987 A.2d 413, 423 (Del. 2006).

[63] To demonstrate constructive possession, the State must prove that the defendant "(1) knew the location of the gun; (2) had the ability to exercise dominion and control over the gun; and (3) intended to guide the destiny of the gun." *Carney v. State*, 2024 WL 2808291, at *4 (Del. June 3, 2024) (quoting *Lecates*, 987 A.2d at 426 (Del. 2006)). Constructive possession may be proved by circumstantial evidence. *Lecates*, 987 A.2d at 426.

possession of the vehicle which housed the firearm for some period of time prior to picking up his co-defendant; (ii) Bordley initially denied the existence of any contraband in the vehicle, except for marijuana; and (iii) Bordley did not testify under oath that she placed the gun in the vehicle.[64]  Moreover, the firearm was located under the center console of the vehicle Defendant was driving, within reach of both parties.[65]  If the case proceeded to trial, Bordley's plea agreement required her to testify truthfully at Defendant's trial.[66]  In that regard, in entering her plea, she did not admit that she was the only person who possessed the firearm.[67]  Taken together, these facts were sufficient to support all the charges brought against the Defendant, including the charge of Carrying a Concealed Deadly Weapon to which he ultimately plead guilty.  For these reasons, Defendant's claim of insufficient evidence is without merit.

---

[64] D.I. 40.
[65] D.I. 1.
[66] D.I. 40.
[67] Id.

## CONCLUSION

For the reasons discussed herein, the Court concludes that Claims 2 and 3 set forth in Defendant's Motion for Postconviction Relief are procedurally barred and should be **SUMMARILY DISMISSED**. Claim 1 is without merit and should be **DENIED.**

**IT IS SO RECOMMENDED.**

/s/ *Janine M. Salomone*
The Honorable Janine M. Salomone